IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MALIK ABDUL AZIZ,** | Case No. 1: 20 CV 301 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **STATE OF OHIO,** *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| **Defendants.** | |

### Background

*Pro se* plaintiff Malik Abdul Aziz has filed an *in forma pauperis* prisoner complaint in this case against the State of Ohio and the Cuyahoga County Court of Common Pleas. (Doc. No. 1.) His complaint pertains to his detention in connection with a state criminal case brought against him in Cuyahoga County, *State of Ohio v. Malik Aziz*, CR-18-635850-A. The plaintiff alleges he was "falsely arrested" and detained in the case on charges of having weapons while under a disability on the basis he "put the officers on notice as to [his] status of a secured party creditor" over whom "they had no jurisdiction." (*Id.* at 3.)

He further alleges he was illegally detained after the state criminal case was dismissed "until the feds indicted" him for the same conduct on the basis "they dishonored my UCC contract, by continuing to incarcerate me after knowing that I was not the surety/nor accommodation party." (*Id.* at 4.) [1]

---

[1] The docket in the plaintiff's subsequent federal criminal case indicates that he pleaded guilty and was convicted in federal court of having a weapon while under a disability. *See United States v. Aziz*, 1: 19-cr-106 (N.D. Ohio Mar. 4, 2020).

For relief, the plaintiff seeks $584,000.00 and $1.6 million in damages, to have his "case dismissed," and for "relief of disability so [that his] gun rights are restored." (*Id*. at 5.)

## Standard of Review

*Pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir.2011). However, "the lenient treatment generally accorded to *pro se* litigants has limits," and a *pro se* plaintiff is not automatically entitled to take every case to trial. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996). A federal district court is required to dismiss an *in forma pauperis* action "at any time" under 28 U.S.C. § 1915(e)(2)(B) if the court determines the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous and warrants dismissal if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198–99 (6th Cir. 1990). A complaint fails to state a claim on which relief may be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

## Discussion

The Court finds that the plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, the plaintiff's claims that he is entitled to damages or other relief from a criminal conviction or sentence on the basis that he is a "a secured party creditor" lack any viable legal basis and are patently frivolous. *See, e.g., Johnson v. Ohio*, 1: 14 CV 1419, 2015 WL 106163, at *3 (N.D.

2

Ohio Jan. 7, 2015) ("The plaintiff, simply, has no viable legal claim that he is a secured party creditor under the UCC or is entitled to the relief he seeks under any theory of commercial law.").

Second, to the extent the plaintiff purports to assert claims under 42 U.S.C. § 1983 regarding his physical imprisonment, conviction, or sentence, such claims are barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *Preiser* held that a civil rights action is not an appropriate vehicle to challenge a conviction or sentence. Rather, if a prisoner is "challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*." *Preiser*, 411 U.S. at 500.

*Heck* held that in order "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff" must first demonstrate that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The plaintiff has not made this showing.

Finally, the defendants the plaintiff names in his complaint are immune or are not state actors subject to suit for civil rights violations under § 1983. The State of Ohio is immune from suit under the Eleventh Amendment, and Ohio courts are not *sui juris*. *Arbino v. Ohio*, No. 1:12 CV 0203, 2012 WL 1756856, at *2 (S.D. Ohio April 2, 2012).

**Conclusion**

3

For the foregoing reasons, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: June 5, 2020

*S/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE